No. 59,682

VALLEY VIEW STATE BANK, *Appellant,* v. JEAN C. OWEN, Appellee.

(737 P.2d 35)

Opinion filed May 1, 1987.

*Lawrence D. Flick,* of The Howard S. Levitan Professional Association, of Prairie Village, argued the cause, and *Howard S. Levitan,* of the same firm, was with him on the briefs for the appellant.

*Jerome V. Bales,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, argued the cause, and *Kip A. Kubin,* of the same firm, was with him on the brief for the appellant.

The opinion of the court was delivered by

MILLER, J.: Valley View State Bank (Bank), the plaintiff in this action and a judgment creditor of Oriental Carpet Center of the United States, Ltd., a Kansas corporation, appeals from an order entering summary judgment against it and in favor of the defendant, Jean C. Owen, custodian for Oriental Carpet. The Bank raises a number of issues on appeal, but we will be concerned here only with the personal liability of a custodian for a corporation for the negligent loss of corporate assets, and the standing of a creditor to bring suit against the custodian, in his or her personal capacity, for damages for negligence resulting in the loss of corporate assets.

The facts, extending through three separate lawsuits, are somewhat complicated but are not disputed. We will attempt to set them forth briefly in chronological order. Hassan Momeni and Hossein Cherafat formed a corporation to sell oriental carpets, Oriental Carpet Center of the United States, Ltd., which was incorporated under the laws of Kansas in October 1981.

Momeni owned 50% of the stock, and Cherafat owned 1% and controlled 49% as trustee for his minor children. The company had showrooms in Overland Park, New York City, and Hamburg, West Germany.

By August 1982, the relationship of Momeni and Cherafat had deteriorated. Momeni filed a shareholder derivative action in Johnson County District Court, case No. 114504. In September, he filed a motion for the appointment of a custodian for the corporation under K.S.A. 17-6516. That statute reads as follows:

"(a) The district court, upon application of any stockholder, may appoint one or more persons to be custodians and, if the corporation is insolvent, to be receivers, of and for any corporation when:

"(1) At any meeting held for the election of directors the stockholders are so divided that they have failed to elect successors to directors whose terms have expired or would have expired upon qualification of their successors; or

"(2) The business of the corporation is suffering or is threatened with irreparable injury because the directors are so divided respecting the management of the affairs of the corporation that the required vote for action by the board of directors cannot be obtained and the stockholders are unable to terminate this division; or

"(3) The corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets.

"(b) A custodian appointed under this section shall have all the powers and title of a receiver appointed under K.S.A. 17-6901, but the authority of the custodian is to continue the business of the corporation and not to liquidate its affairs and distribute its assets, except when the court shall otherwise order and except in cases arising under subsection (a)(3) of this section or subsection (a)(2) of K.S.A. 17-7212."

The corporation was not insolvent. The application for appointment of the custodian recited internal dissension and irreconcilable conflict between Momeni and Cherafat, the owners and directors of the corporation, and the dissipation of the corporate assets, and sought the appointment of a custodian pursuant to K.S.A. 17-6516(a) (2) and (3) to continue the corporate business and manage corporate assets in an orderly manner.

On October 13, 1982, both parties appeared by counsel and argued the matter. The trial court, acting pursuant to K.S.A. 17-6516, appointed Jean C. Owen as custodian of the affairs of Oriental Carpet Center, directed that he have immediate control of all of the assets of the corporation, and further directed him to inventory the assets and authorized him to continue the business

of the corporation or to liquidate the assets if that would be to the maximum economic benefit to all parties. Owen was further directed to account to the court as the court shall order. Prior to Owen's appointment, however, Hassan Momeni moved the entire inventory, consisting of some 2,000 to 2,500 oriental carpets, to the corporate showroom in New York City. The trial court ordered the carpets returned to Overland Park, Kansas. Momeni did not return the carpets. In late October 1982, Owen traveled to New York City where he examined the carpets, retained a New York lawyer, Michael Drezin, engaged security guards to attend the showroom during all hours when it was open for business, and installed new locks and a security system at the showroom. Meanwhile, the lawsuit was tried to the court, and Momeni and Cherafat were each granted judgment, to be satisfied out of the corporate assets.

On March 25, 1983, the Valley View State Bank was denied leave to intervene in the action. On April 15, 1983, Owen filed a motion to continue the custodianship. On July 28, the carpets were moved from the showroom to a New York warehouse. Owen instructed Drezin to make sure that the carpets were stored so that they could not be removed from the warehouse without either Drezin's or Owen's permission. However, that directive was not carried out and the carpets were stored under Momeni's name. On October 20, 1983, Momeni removed the carpets from the warehouse and shipped them to West Germany. Momeni moved to West Germany, and no longer took any active interest in the lawsuit. Owen first became aware that the carpets were gone when he was so advised by Cherafat on December 23, 1983.

Meanwhile, Valley View State Bank filed a separate mortgage foreclosure action against Oriental Carpet Center, Ltd., being Johnson County case No. 116078. Judgment was entered for the Bank and against Oriental in the amount of $231,883.52 plus interest. On June 13, 1983, the foreclosure sale of real estate for $160,000 was confirmed, leaving the Bank with a deficiency judgment of more than $48,000. On December 8, 1983, the Bank issued a garnishment to Jean Owen. Some months later, Owen answered that he had no property belonging to Oriental Carpet Center, Ltd.

This case was filed by Valley View State Bank on February 22, 1984. By an amended petition the Bank contended that Owen, as custodian of Oriental Carpet, acted in a fiduciary capacity for all of the shareholders and creditors of Oriental Carpet Center, Ltd., including Valley View Bank; that Owen was negligent in allowing the assets to be sequestered by one of its shareholders; and that as a result of his negligence, the Bank was damaged. The Bank sought to recover the balance of its unpaid judgment against Oriental Carpet Center, Ltd., in the amount of $48,508.67, plus interest, attorney fees, and costs, from Owen because of his breach of fiduciary duty to the Bank and all other creditors of Oriental Carpet Center. Owen filed a motion for summary judgment, which was overruled by Judge Lewis C. Smith. Later, all of the judges of the Tenth Judicial District disqualified themselves, and Judge Cordell D. Meeks, Jr., of Wyandotte County, was assigned to try the case. On April 18, 1986, Judge Meeks sustained Owen's renewed motion for summary judgment. The court held that a custodian steps into the shoes of a director or officer of a corporation, and as such should enjoy the same protection from liability enjoyed by officers and directors. While officers and directors may be liable to the corporation for negligent loss of corporate assets, they are not liable to creditors for such losses. Additionally, the court held that Owen did not exceed his authority, and could not be sued in his individual capacity absent some showing that he exceeded his authority. Finally, the court held that Owen is immune from liability under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, since he was a government employee performing a judicial or discretionary function. It is from that order that the Bank appeals.

At the time Judge Meeks sustained the motion for summary judgment, he had before him one document which Judge Smith had not seen. This was the affidavit of Judge G. Joseph Pierron, the trial judge who presided during the pendency of case No. 114504, *Momeni v. Oriental Carpet Center*, and who appointed Jean C. Owen as custodian of the affairs of that corporation. Judge Pierron stated that when he entered the order directing the return of the inventory to Johnson County, Kansas, he stated on the record at that time that the custodian should exercise his

best judgment in either leaving the carpets in New York or transporting them back to Overland Park. The purpose of the injunction was to require Momeni, Cherafat, and the corporation to surrender the carpets and all other assets of the corporation to the custodian, and to order the parties to cooperate with the custodian. Judge Pierron stated that he was aware that Owen as custodian chose to leave the carpets in New York due in part to better market conditions there and in part to the cost of transporting the carpets back to Overland Park, and the action of leaving the inventory in New York was done with the authority and consent of the court. Judge Pierron was also aware of the employment of a New York attorney, Michael Drezin, and the securing of his services was also done with the authority and consent of the court.

We now turn to the first issue, whether a custodian for a corporation may be held personally liable for the negligent loss of corporate property committed to his custody or control, regardless of whether he was acting within or without the scope of his authority. We first note the distinctions between a custodianship and a receivership. The purpose of a receivership, as we noted in *Johnson v. Farm & Home Savings & Loan Ass'n.*, 131 Kan. 238, 243, 289 Pac. 396 (1930), is to preserve corporate assets of an insolvent debtor *for the benefit of the creditors*. A receiver is appointed at the request of a creditor or stockholder if the corporation is insolvent. K.S.A. 17-6901.

A custodian for a corporation may be appointed by the district court on the application of a stockholder, as provided in K.S.A. 17-6516. A custodian is appointed to *continue* the business of the corporation, and, unless the court otherwise directs, not to liquidate its assets. A custodian is not appointed because the business is insolvent, but when the stockholders are divided and have failed to elect successors to directors, or the business of the corporation is suffering because the directors are so divided that corporate affairs are not being properly managed, and the stockholders are unable to terminate the division among the directors, or when the corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate, or distribute its assets. K.S.A. 17-6516. A receiver is appointed upon the application of a creditor for the benefit of the

corporate creditors; a custodian is appointed on application of a stockholder for the benefit of the corporation. As the Kansas Comment to K.S.A. 17-6516 states, the conditions enumerated in that statute for the appointment of a custodian "involve the inability or failure of the corporation (either through its directors or stockholders) to carry out required acts or functions." A custodian assumes the management function ordinarily performed by the directors and officers of a corporation.

In *Speer v. Dighton Grain, Inc.*, 229 Kan. 272, 281-82, 624 P.2d 952 (1981), we said:

"A director is an agent of the corporation and as such may become liable to the corporation. Directors may only become personally liable to a creditor by either (1) statute or (2) 'by some conduct which creates a privity of contract between them, or which results in a tortious injury to the creditor' which results in particular injury to rights peculiar to the creditor.

"[T]he directors or officers are liable to the corporation and the stockholders for loss resulting from their malfeasance, misfeasance or their failure or neglect to discharge the duties imposed by their office."

We concluded:

"A creditor of an insolvent corporation who sues solely on his own behalf cannot maintain a personal action against directors or officers who, by negligent mismanagement of the corporation's affairs, have breached their duty to the corporation to the consequent damage or injury of its creditors." p. 284.

Custodians and receivers serve different purposes. The appointment of a custodian is for the benefit of the corporation and its shareholders; the appointment of a receiver, on the other hand, is ordinarily for the benefit of the corporate creditors. The appointment of a custodian to continue the business is designed to avoid dissolution and liquidation, which is not always a satisfactory remedy, particularly for minority shareholders. See O'Neal and Magill, *California's New Close Corporation Legislation*, 23 U.C.L.A. L. Rev. 1155, 1164-66 (1976). Usually, receivers are required upon their appointment to furnish a bond for the faithful performance of their duties. 16 Fletcher, Cyclopedia of the Law of Private Corporations § 7736 (rev. perm. ed. 1979). No bond was required of the custodian in this case, and when the parties stipulated, and the court ordered the inventory to be returned to Johnson County and placed under the direct control and supervision of the custodian, the parties specifically waived the furnishing of a bond.

The issue here is really one of standing: Do the creditors of a corporation have standing to sue the custodian for a corporation for negligent loss of corporate assets? Valley View relies upon *Johnson v. Farm & Home Savings & Loan Ass'n.*, 131 Kan. 238. We do not find that opinion persuasive for two reasons. *Johnson* involved a receiver, not a custodian. The receiver was appointed because of the insolvency of the Midwest State Bank. Here, we have a custodian appointed not because of the insolvency of the corporation but because of deadlocked stockholders and directors. Second, the claim against the receiver in *Johnson*, which this court held might be asserted against him in his individual but not his official capacity, was for allegedly unlawfully taking possession of the assets of a third party, Farm & Home Savings & Loan Association. No claim was made by Farm & Home against the receiver for negligently causing loss to the Midwest State Bank, the corporation for which he was made receiver.

Here, claim is made against the custodian, personally, for negligent loss of corporate assets, and that claim is asserted not by the corporation, but by a corporate creditor. The officers and directors of the corporation would have no personal liability to corporate creditors under like circumstances, and we see no reason, based upon the facts of this case, to impose liability on the custodian which is not imposed by law upon the corporation's officers and directors. We have researched the decisions in other states as to the liability of a custodian for a corporation, appointed under similar provisions of laws of our sister states, and find no opinions deciding this issue, and none have been cited by counsel. As stated above, however, we find good reason to distinguish between the liability of a custodian, appointed upon the request of the stockholders of a solvent corporation to continue the business, and the liability of a receiver, appointed upon application of the creditors of an insolvent corporation to liquidate its assets. A custodian is not a trustee for the creditors; he may become liable to the corporation, but under the circumstances before us in this case, he is not liable to the creditors.

We hold that a custodian, appointed pursuant to K.S.A. 17-6516 to continue the business of a corporation, steps into the shoes of the officers and directors of the corporation, and the custodian's

personal liability does not exceed that of the individual officers and directors. Under the facts of this case, the custodian is not personally liable to corporate creditors for negligent loss of corporate assets. The creditor, therefore, has no standing to bring suit against the custodian in his individual capacity for damages for negligent loss of corporate assets.

The issue decided above is determinative of this appeal, and therefore we need not decide other issues presented by industrious counsel.

The judgment is affirmed.